## LIGON'S ADM'RS *v.* INSURANCE COMPANY.

### (*Nashville.* February 23, 1889.)

1. FIRE INSURANCE. *Waiver of preliminary proofs of loss.*

   Condition in fire policy that insured shall "render a particular account of the loss" "as soon thereafter as possible," is waived, where insurer, after notice of loss, proceeded at once, with co-operation of the insured, without demanding or waiting for the preliminary proofs, to ascertain for himself the full details of the loss, and proposed settlement thereof, which failed only by reason of disagreement as to amount.

2. SAME. *Waiver of defects in preliminary proofs of loss.*

   When preliminary proofs of loss are furnished by insured defects therein are waived, unless they shall be promptly and specifically pointed out by the insurer so as to afford an opportunity for correction.

   Objection that they are "incomplete, unsatisfactory and not in accordance with printed conditions of policy," is too vague and general.

3. SAME. *Waiver of plans and specifications of building.*

   Condition in fire policy that insured shall furnish, as part of preliminary proofs of loss, plans and specifications of the building damaged or destroyed, "*if required so to do,*" is waived, where the insurer procured for himself "plans and specifications of building" with insured's knowledge and co-operation, and made no demand for same until after insured had furnished the preliminary proofs of loss, or they had been waived by the insurer.

   Cases cited and approved: 1 Green (N. J.), 110; 49 N. Y., 389; 66 Penn. St., 9; 28 Gratt., 88; 52 Me., 492; 12 Gray, 265.

   Cited and distinguished: 60 Miss., 302.

---

FROM WILSON.

---

Appeal in error from Circuit Court of Wilson County. ROBERT CANTRELL, J.

Ligon's Administrators *v.* Insurance Company.

Suit by Ligon's Administrators, upon a fire insurance policy held by their intestate in the defendant Company, to recover for loss of the insured property—a livery stable.

The material matters of defense were that the insured had failed to comply with the conditions of policy with reference to furnishing preliminary proofs of loss to the insurer.

Among the conditions contained in the policy are the following:

1. "Persons sustaining loss or damage by fire shall forthwith give notice of said loss to the Company, and as soon thereafter as possible render a particular account of said loss," etc.

2. "As a part of the preliminary proofs of loss the assured shall, if the claim be for building damaged or destroyed by fire, if required so to do, furnish the Company with plans and specifications of the building destroyed or damaged, which shall be duly verified by the oath of the assured."

The insured insisted that, if there had been any failure or defects in the matter of furnishing preliminary proofs of loss, the Company had waived it by its acts and conduct.

The judgment below was in favor of defendant. The plaintiff appealed.

SANDERS & EASTMAN for Ligon's Administrators.

B. J. TARVER and SAM GOLLIDAY for Insurance Company.

FOLKES, J.   This is an action upon a fire policy for one thousand dollars, issued by defendant upon a building, the property of plaintiffs' intestate.   It was tried by the Circuit Judge without the intervention of a jury, and judgment rendered in favor of the defendant.

Plaintiffs have appealed, assigning errors.

The defendant interposed three defenses, which, briefly stated, are as follows:

*First*—Want of title in plaintiffs' intestate to the property.

*Second*—Other insurance in excess of the amount permitted in the policy.

*Third*—Prematurity of suit and non-liability, by reason of the failure of the plaintiffs to furnish proper preliminary proofs of loss, and plans and specifications of the building destroyed, as required by the ninth clause of the policy.

The Court found in favor of the plaintiffs upon the first and second pleas, and there is ample proof to sustain such finding.

Upon the third plea the finding was in favor of defendant, the Court being of opinion that the plaintiffs had failed to furnish the " proof of loss," and the plans and specifications required by the terms of the policy.

In this there was manifest error.   It is unnecessary to quote the exact terms of the ninth clause of the policy, as the case does not turn upon any peculiarity of phraseology, the clause being the usual one in fire policies, requiring such proof as

a condition precedent to the bringing of suit on the policy.

Such stipulations are eminently proper, and should be sustained, and are by the Courts upheld; but, being a provision for the benefit of the insurance company, can be waived by the latter, and will be held by the Courts as waived where the conduct of the company has misled, and was such as might well have misled a reasonably prudent man, or where it is manifest that the company had already been put in possession of all the information that said clause was intended to furnish, and made no request for more specific details until after the lapse of an unreasonable time, leaving the insured to suppose that no further demands would be made.

The facts necessary to be stated are as follows: The building was burned on the 15th of May, 1887. The company was promptly apprised of the fact, and in a few days thereafter the adjuster of the company visited the city of Lebanon, where the property had been located, and had repeated interviews with the plaintiffs; and, after having been requested by the adjuster to do so, the plaintiffs furnished a reliable carpenter and builder to make plans and specifications of the building destroyed, with an estimate of the cost of replacing same.

This contractor, when called on by the agent and adjuster, declined, for personal reasons, to make such plans and estimate.

The adjuster then came to Nashville, the home of the company, and procured the services of a contractor of his own selection, and returned with him to Lebanon. This contractor then made out specifications and an estimate, showing minutely the amount and character of material destroyed, value, cost, and the like. The plaintiffs had proposed to the adjuster to select a contractor themselves, who should act in conjunction with the contractor brought there by the company. The adjuster declined this, saying that he preferred the contractor selected by him to make the specifications and estimate by himself.

After these specifications had been thus made out by the adjuster selected by the company, the latter proposed to settle the loss by paying its share thereof, being one-half, there being another policy upon the same property for the same amount.

The parties were unable to agree, the principal difficulty being in the estimate made by the adjuster's contractor of the degree and extent of injury to the brick walls that were left standing. The adjuster thereupon returned to Nashville.

On the 22d of June, 1887, the plaintiffs, being unable to obtain any thing satisfactory from the company, made out and transmitted by mail formal "proofs of loss" in accordance with their understanding of the requirements of the ninth clause of the policy, duly sworn to, and with the cer-

tificate of magistrate, etc., as designated in the policy.

On the 29th of June the company, through its secretary, returned the following reply:

"We are in receipt of what purports to be proofs of loss under our policy No. 52940, issued to A. L. Ligon, deceased.

"We hereby return the said proofs as incomplete, unsatisfactory, and not in accordance with the printed conditions of the policy. We require, according to the ninth condition of our policy, full and detailed specifications and plans of the building we insured, and an estimate of the cost of repairing the same by a competent and reliable builder and contractor, as well as an allowance for the difference between old and new.

"We most positively deny any claim against the company other than the damage and loss to the building we insured under said policy. If there was, as you claim, an insurance of $2,500 on the building insured by said policy, then our policy is void by reason of over-insurance, our policy giving the privilege of only $1,000 additional insurance."

In relation to this letter it is sufficient to say that, so far as it concerns any supposed infirmities in the preliminary "proofs of loss" as made out and sent by plaintiffs, it is inoperative by reason of the fact that such proofs are a substantial compliance with the requirements of the policy;

and if defective the company should have pointed out wherein they were insufficient. The objections thereto are too vague and general, even if the plaintiffs were under any obligation to furnish formal proofs of loss, after what had taken place between the parties. It must be borne in mind that under the terms of the policy referred to preliminary proofs of loss are to be furnished without request, while as to plans and specifications of the building destroyed, they are to be furnished "if required so to do."

That portion of the letter which relates to and "requires full and detailed specifications and plans of the building," cannot be now regarded as the "request so to do" contemplated by the policy (the object of which was to furnish such information to the company), for the reason that this condition is to be held as waived by the conduct of the company, through its adjuster, as herein already fully narrated. To allow the company to make such demand, after having been, with the plaintiffs' knowledge and co-operation, already placed fully in possession of all that was needed for the end in view, would be to permit the plaintiffs to be misled and delayed by the defendant into fancied security and loss of time in the assertion of their legal rights.

Moreover, it is by no means clear that so much of the letter as denies liability on the policy, by reason of assured's over-insurance, would not in and of itself operate to dispense with all prelimi-

nary proofs of loss and specifications, independent of the matters above referred to as constituting a waiver.

Under well-settled principles such certainly would be its effect if it were an unqualified denial of liability on the policy by reason of over-insurance or other defense going to validity of the policy. It is probable, however, that the denial of liability is made conditional upon the assumed claim of plaintiffs of $2,500 insurance on the building.

Be this as it may, and without deciding the last point suggested, we are of opinion, and so adjudge, that the defendant company has, by its conduct, as herein set out, waived the performance of the stipulations with reference to any further proofs and specifications.

See *Ronmage* v. *Mechanics' Fire Insurance Company,* 1 Green (N. J.), 110; *Badger* v. *Glenn's Falls Insurance Co.,* 49 N. Y., 389; *Beatty* v. *Lycoming Insurance Co.,* 66 Penn. St., 9; *Georgia Insurance Co.* v. *Kinnier,* 28 Gratt., 88; *Lewis* v. *Monmouth Mutual Fire Insurance Co.,* 52 Me., 492; *Blake* v. *Exchange Mutual Insurance Co.,* 12 Gray, 265; May on Insurance, Secs. 461, 468, 469, 473.

The case of *Insurance Companies* v. *Sorsby,* 60 Miss., 302, relied on by defendant is not considered in the way of the conclusions we have reached. It resembles the case at bar in some respects, but it differs from it in this, that the additional proof demanded under the terms of the policy doubtless related to invoices, etc., concerning the stock of

goods burned, information in relation to which had not necessarily been obtained by the company from the visit of its agent at the scene of the loss and the examination then made of the assured touching the loss.

Here the information concerned the building merely, and the specifications obtained shortly after the fire contained all available information in relation thereto. By contenting ourselves with pointing out the one difference between the case at bar and this Mississippi case, we do not wish to be understood as approving nor criticizing the decision in the latter case.

Reverse the action of the Circuit Court, and enter judgment here for the full amount of the policy, with interest.