IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

# EASTERN DIVISION.

---

## KNOXVILLE, SEPTEMBER TERM, 1891.

---

### INSURANCE COMPANY v. NORMENT.

#### (*Knoxville.* November 17, 1891.)

1. SUPREME COURT. *Will not disturb verdict, when.*

   Supreme Court will not disturb verdict rendered upon conflicting evidence under a correct charge if there is material evidence to support it.

2. LIFE INSURANCE. *Notice of injury or death. Waiver.*

   The condition in a life and accident policy requiring that "immediate written notice of an accidental injury or death" shall be given to the insurer at his home office is treated as either waived or sufficiently complied with in a suit upon the policy for assured's death, where the assured, having sustained his injury about the first of April, gave verbal notice thereof to the local agent some time in May following,

which was promptly communicated to the home office by the agent through a letter, and thereafter the insurer, through his agents and physicians, made thorough examination of the case both before and after assured's death.

3. SAME.   *Proof of death or disability.   Waiver.*

The condition in a life and accident policy requiring "affirmative and positive proof of death, or loss of limb or sight, or of duration of disability" to be furnished to the insurer "within six months from date of death, or within thirty days from date of the termination of the period of total disability" is waived, where the insurer, having received due notice of the assured's injury and of his subsequent death or waived the same, proceeded to investigate the case thoroughly both before and after assured's death, and thereafter declined to investigate the claim or to furnish instructions and blank forms for proof of death upon the request of the beneficiary in the policy, made in due time, unless he would sign, as a condition precedent, an agreement whereby his claim might have been lost or prejudiced.

4. SAME.   *Limitation as to time of bringing suit.*

The condition in a life and accident policy forbidding suit thereon within three months next after receipt of proofs of death or disability at the home office, cannot be invoked by the insurer to defeat suit brought within that time, where he has waived such proofs, and absolutely refused, upon untenable grounds, to consider or settle assured's claim.

---

FROM HAMILTON.

---

Appeal in error from Circuit Court of Hamilton County.   JOHN A. MOON, J.

GEORGE T. FRY for Insurance Company.

CREED F. BATES for Norment.

LURTON, J.   On  March  18,  1890,  the  American
Accident  Insurance  Company  issued  to  W. T. Nor-
ment  an  accident  policy  of  insurance  for  five
thousand  dollars.    This  policy  was  for  the  term
of  one  year,  and  insured  him  in  the  sum  of
twenty-five  dollars  per  week  against  loss  of  time,
not  exceeding  fifty-two  consecutive  weeks,  resulting
from  bodily  injuries  effected  during  the  term  of
this  insurance,  " through  external,  violent,  and  ac-
cidental  means; "   " or,  if  death  shall  result  from
such  injuries  alone  within  ninety  days,  will  pay  the
sum  of  five  thousand  dollars  to  Virginia  F. Nor-
ment,  his  wife."

Norment  died  on  June  26,  1890,  and  his  widow
sued  alleging  that  his  death  occurred  as  the  result
of  an  accidental,  external  injury  received  by  him
while  said  policy  was  in  force.    There  was  a  jury,
verdict,  and  judgment  in  favor  of  the  plaintiff
below.

The  first  error  assigned  is  that  the  death  did
not  occur  within  ninety  days  after  sustaining  an
accidental  injury,  and  as  a  consequence  of  such
injury  alone.    There  was  conflicting  evidence  as  to
the  cause  of  the  death  of  the  insured.    There  was
evidence  tending  to  show  that  deceased  had  fallen
upon  a  slippery  sidewalk,  striking  the  back  of  his
head,  and  that  his  death  resulted  from  this  injury.
There  was  likewise  evidence  tending  to  show  that
death  was  caused  by  disease  having  no  direct  con-
nection  with  this  injury.    There  was  a  *post mortem*
examination  and  conflicting  opinion  from  the  attend-

ing medical men as to the cause of death. The question as to whether death resulted alone from accidental, external injury was submitted to the jury under a correct charge; and, under the well-settled rule of this Court, the finding of the jury, being supported by material evidence, cannot be disturbed.

There was evidence that this accidental injury occurred on March 23, 1890, and there was evidence that the date when this injury was received was March 30. If it occurred on the earlier date, then the death did not occur until after expiration of ninety days. If it was sustained on the later date, then Mr. Norment died within ninety days thereafter, and within the terms of the policy.

Mrs. Norment's letter to the company notifying it of the injury stated March 23 as the day of injury. This letter was written before her husband's death, and with a view of claiming the indemnity against loss of time resulting from the injury. We do not think this concluded her from showing, if she could, that she was mistaken in this date. The date was not then material, as Mr. Norment was not disabled so as to be prevented from attending to his ordinary business for fully a week after sustaining the injury, and no indemnity was claimed or paid for any disability between the two dates. The weight of evidence seems to have been in favor of the date originally stated by Mrs. Norment; but there was evidence, if credited by the jury, sufficient under the rule to support a finding

in favor of the later date. The first and third assignments, being substantially the same, are overruled.

The fourth condition of the policy was in these words:

"Immediate written notice of an accidental injury or death for which claim may be made, must be given to the company at Louisville, Kentucky, with full particulars thereof—when, where, and how it occurred, with full name and address of the insured—and failure to give such notice shall invalidate all claims under this insurance; and unless affirmative and positive proof of death, or loss of limb or sight, or of duration of disability is so furnished within six months from date of death, or within thirty days from date of the termination of the period of total disability, then all claims based thereon shall be forfeited to the company. No legal proceedings for recovery hereunder shall be brought within three months after receipt of such proof at the office of the company in Louisville, Kentucky, nor at all unless begun within one year from date of alleged accident."

Plaintiff in error insists that no such notice was given of this injury as is required by the clause quoted, and that no proof of injury or death was received at the office of the company at Louisville before institution of this suit.

There was evidence that plaintiff went to the office of the local agent more than once for the purpose of notifying him of this injury sustained

by the assured. Not finding the agent in, she notified a female clerk in the office, and asked her to see that the agent called upon Mr. Norment. Of this the local agent was notified, who thereupon in writing notified the office at Louisville of the claim. The home office at once notified the local agent · to investigate the matter. At the request of the local agent the physician of the company called to see Mr. Norment, and made an examination. This was ·on the first of June. Afterward the general agent from Louisville, together with the company's surgeon, called upon and took statement. of plaintiff and examined the assured. This general agent, as testified to by Mrs. Norment, then said to her that by her delay Mrs. Norment had forfeited all claim under the policy, but that the company did not desire to take any technical advantage, and that the case should be investigated on its merits. ' In addition to all this actual notice, plaintiff procured a friend to write to the home office as to this claim. After the death of Mr. Norment the company's surgeon participated in a *post mortem* examination held for the purpose of ascertaining cause of death.

The learned Circuit Judge charged the jury that it must appear that written notice had been given within a reasonable time after this injury was sustained, but that written notice might be waived; and it was for the jury to look to all the circumstances and say whether written notice had been given, or, if not, had such notice been

waived, and had such notice been given within a reasonable time. The notice to the local agent was given some time between the first and last of May. The seriousness of the injury did not become apparent until early in April. The notice to local agent was not in writing, nor was it given by plaintiff or assured personally to the Louisville office. When a policy requires notice of an injury or loss to be given in writing to the home office, it is not always necessary that it be given by the assured himself. . It is sufficient if it is given at the request of the assured by the agent of the insurer. Here the local agent was requested to investigate this accident. He wrote the company under this notice received by him. Written notice from the local agent of the insurers has been held sufficient where such notice was the result of information communicated by the assured. Wood on Insurance, 938, 939.

The purpose of such notice is · to give the insurer opportunity to investigate for itself the cause and extent of the injury. This actual notice was received by the company, and the case in fact investigated. The jury might well, on the facts shown as to this investigation, both before and after death of assured, find that written notice had been waived and that actual notice had been given within a reasonable time.

The very able counsel for the company has very earnestly argued that even if all this be so, that this suit was premature; that it was brought

within less than three months after death of as-
sured, and before the receipt of proof of injury
and death at office of the company in Louisville.
The Court was on this point requested to charge
"that no legal proceedings for recovery upon the
policy sued on could be brought until after the
expiration of three months after receipt of affirma-
tive and positive proof of death of the insured at
Louisville; and if from the evidence it should ap-
pear that this suit was brought before proof of
the death of Mr. Norment was received by the
company, or before the expiration of three months
after such proof was received by the company at
its office in Louisville, Kentucky, then your ver-
dict should be for the defendant." This was
charged with this modification: "That request is
the law as I have heretofore charged you. If
you find from the proof that this notice was
waived, and suit brought within three months
after the waiver of the condition, then the plaintiff
can recover." Elsewhere the jury had been charged
as to what facts would constitute a waiver under
this policy. Counsel now insist "that there is no
evidence in the record to justify a charge that
the provisions of this clause of the policy had
been waived." It is a mistake to assume that
the jury were charged that this provision of the
policy had been waived. The jury were instructed
that it might be waived, but the fact of waiver
was left to their determination.

We have already recited the facts concerning

actual notice of both injury and death, and of the investigation actually made by the insurer. In addition, we may add that plaintiff, through her agent, did in writing notify the company of the death of her husband, and request blank forms for proofs of injury and death. To this the company replied, declining to make an investigation until Mrs. Norment should sign and return an agreement in the following words:

"I hereby agree that in the event of the American Accident Company making an investigation of my claim against them for injuries received by my husband, W. T. Norment, on March 23, 1890, they shall not be considered to have waived the failure on my part to give immediate notice of the injury."

She declined to sign this paper, being unwilling to fix March 23 as the date of injury, thereby cutting off her claim that the death of her husband had resulted from an injury received within ninety days prior to his death.

She again requested "information in regard to proof of claim, etc.," and asked an early reply. The company again declined to proceed unless she would sign the agreement previously sent. A third letter was written requesting instruction and blank forms for proofs of death. Again the company refused to send such blanks or investigate unless she would sign an agreement identical with the first sent, save in omission of day of injury. Upon this repeated refusal to give instructions or send

blanks this suit was brought. The agreement as last sent was prejudicial to the claim of plaintiff, in that it was, in effect, an admission that she had failed to give immediate notice of the injury. This construction, while not necessarily following, was possible, and indeed probable, and it is clear that to have signed it would have put her case in peril. This she was not bound to do. The refusal to aid her with instructions or forms, or to investigate, unless she would prejudice her case by signing an agreement which the insurer had no right to require her to sign, was evidence upon which the jury could well predicate a verdict of waiver of proof of death. This, together with the fact that the company had in fact investigated before the death of assured, and been represented at the *post mortem* after his death, makes a clear case of waiver of the technical proofs of death required by policy. This conduct was equivalent to an absolute refusal to consider or settle the case. When the insurer waives proof of injury or death, and refuses out and out to treat as to liability, save upon prejudicial and illegal conditions, suit may be brought at once, notwithstanding the clause postponing suit until ninety days after receipt of proofs of injury. A provision exempting an insurer from suit for a definite time after proofs of loss have been made, will be waived where there has been a waiver of such proofs and a refusal to pay. Lawson on Rights, Remedies, and Practice, Secs. 2084, 2086, and cases cited; Am.

& Eng. Ency. of Law, Vol. II., 349, 350, and cases cited.

The result is that we find no error in the charge or refusals to charge.

Affirm the judgment.