SHIRES v. CORLETT.

(*Nashville*. January 19, 1900.)

REDEMPTION OF LAND. *Rights and equities of parties.*

Where land is mortgaged subject to the levy of an execution under which it is subsequently sold and redeemed by an assignee of the right of redemption, the assignee is entitled to be reimbursed his entire outlay in effecting the redemption before the mortgagee can take anything, and to receive the entire surplus after the mortgage debt is paid.

FROM MAURY.

Appeal from Chancery Court of Maury County. A. J. ABERNATHY, Ch.

P. C. SMITHSON, C. A. ARMSTRONG, FUSSELL & GORDON for Shires.

MARSHALL & ARMSTRONG for Corlett.

WILKES, J. This is a contest over a tract of land in Maury County which formerly belonged to W. M. Shires.

The Bank of Lewisburg had this land levied upon and sold, and bought it. A short while after the levy W. M. Shires conveyed it to Joel Shires to secure two debts, one being to the

grantee and one to W. A. Jackson, the two aggregating about $1,500.

Subsequently W. M. Shires conveyed his right to redeem said land to Corlett. Brittain is interested with Corlett under this conveyance. The sale under execution was made April 11, 1891, for $1,042.45, and the bank became the purchaser and took Sheriff's deed. This sale was subject to the homestead right of W. M. Shires, the debtor.

The time for redemption being about to expire, Corlett and Brittain tendered to the bank $1,173 to redeem same. This was refused. The bank, after the time for redemption had passed, sold to Powell and wife. Corlett then filed a bill against the bank and Powell and wife to compel redemption. There was a demurrer, which was sustained by the Chancellor, and an appeal. The Chancellor's decree was affirmed by the Court of Chancery Appeals, but reversed by this Court and cause remanded.

The case was then compromised by paying the bank $1,172.10, and to Powell $1,800, and title was vested in Corlett. The present bill was then filed by the executor of Joel Shires and Jackson, charging fraud on the part of Corlett, Brittain, and W. M. Shires, that the redemption was made in the interest of W. M. Shires, and was manipulated so as to put it in shape that his creditors could not reach it, and it was sought to foreclose the deed of trust to Joel Shires. Cor-

lett and Brittain answered denying fraud, and filed a cross bill, and sought under it to recover the land after the allotment of homestead to W. M. Shires, and also to recover rents. A receiver was asked for and appointed. This cross bill was answered, and it was insisted that Corlett and Brittain in fact redeemed the land for W. M. Shires. W. M. Shires answered to the same effect. The Chancellor. assigned homestead to W. M. Shires, and this appears to have been acquiesced in by all parties.

On final hearing he gave complainants judgment for their debts against W. M. Shires, but dismissed their bill so far as it sought relief against Corlett and Brittain, and held that they were entitled to the land except so far as allotted for homestead. A receiver was appointed to collect rents, and they were ordered paid to Corlett and Brittain.

The costs were adjudged against complainants. Jackson and F. W. Shires' executors, appealed. The Court of Chancery Appeals reversed the Chancellor, and modified his decree so as to give to Jackson and F. W. Shires priority of satisfaction out of the proceeds of sale over Corlett and Brittain, holding that the sale would not embrace the homestead, as all parties had acquiesced in that. ·

The Court of Chancery Appeals report that Corlett and Brittain redeemed the land as a spec-

ulation, but there was no fraudulent purpose in the redemption to defeat the creditors of W. M. Shires of their debts.

We think it is evident that Corlett and Brittain redeemed the land in the right of W. M. Shires. The parties beneficiary under the trust deed would have lost all interest in the land but for this redemption. It is only by taking advantage of this redemption that they can receive any benefit out of the land. They should not therefore be allowed to avail themselves of the benefits of this redemption without at least refunding to Corlett and Brittain, who made the redemption, the amounts paid out by them to effect it, and interest upon the same. In other words, to wholly indemnify them for all outlays made in redeeming the land.

We may grant that W. M. Shires conveyed the land subject to the debts provided for in the deed of trust, but this we think would not give to such debts priority over the claims of Corlett and Brittain for the amounts advanced by them, but only allow them to apply the land or its proceeds, after the money advanced for redemption purposes should be repaid, to their debts.

We are of opinion that the rights, equities, and priorities of the parties are (1) that the homestead of W. M. Shires should not be disturbed, as all parties have acquiesced in its assignment, whether regular or irregular, and whether

reasonable or excessive; (2) that the land be sold subject to the homestead, and including the remainder or reversion in the homestead; (3) that out of the proceeds, after payment of all costs of the cause in this Court and the Court below, and all expenses of sale, there be repaid to Corlett and Brittain the amounts advanced by them to effect the redemption, and interest on the same, less whatever amount may be realized from the rents, which shall be applied to their redemption debt, and then the debts of complainants and interest, and any surplus to Corlett and Brittain.

The decree of the Court of Chancery Appeals is modified, the cause will be remanded to the Court ' below for a sale of the land and such further proceedings as may be necessary in accordance with this opinion, the cost of this Court will be paid by Corlett and Brittain, and they will have the same refunded to them of the proceeds of sale when made in the Court below.