F. A. MAYBERRY *v.* THE LILLY MILL COMPANY.

(*Nashville.* December Term, 1903.)

1. **SALES.** Of personal property are complete, and title vests in
   purchaser, when. Intention of parties controls.
   While, ordinarily, anything remains to be done by the seller or
   purchaser, as where delivery is not made as contracted for, or
   the property sold is not set aside from other property of like
   character, or where measurement is necessary to ascertain the
   purchase price, the contract is incomplete and executory, and
   the title remains in the seller; but the intention of the parties,
   as expressed by the terms of the contract, or implied from sur-
   rounding circumstances, is always controlling, and sales may be
   completed without delivery and ascertainment of the quantity
   sold, or of the exact consideration to be paid. (*Post, p.* 568.)

   Cases cited and approved: Bond v. Greenwald, 4 Heisk., 453, 460;
   Barker v. Freeland, 91 Tenn., 112; Fitzpatrick v. Fain, 3 Cold.,
   19; Bush v. Barfield, 1 Cold., 92; Riddle v. Varnum, 20 Pickering
   (Mass.), 280.

2. **SAME.** Same. Case in judgment of a complete sale.
   Where there was a sale and purchase of a specified quantity of corn
   to be shelled, sacked, and stored by the seller, and to be deliv-
   ered at the purchaser's mill when ordered, where it was to be
   weighed and paid for at a specified price, which corn was
   promptly shelled, sacked and stored, and delivery tendered then,
   and again in about three months, when, on both occasions, the
   purchaser requested the seller to hold the corn for him a while
   longer, and made some small payments on the purchase price;
   and after another month the seller again tendered delivery,
   when the purchaser repudiated the contract, and refused to ac-
   cept the corn at any time, the contract first made was executory,

Mayberry v. Lilly Mill Co.

but under the subsequent understanding and agreement of the parties it became complete and executed, notwithstanding the corn had not been weighed, delivered or paid for. (*Post, pp.* 566-569.)

3. **SAME.** Same. Same. Seller holding possession may use or sell the property, and sue for damages when contract is breached. Measure of damages.

Though the sale, as shown in the foregoing headnote, was complete, and the corn was the property of the purchaser, subject to the right of the seller to require payment upon delivery, still the seller, after tendering delivery, as showing in the foregoing headnote, may use the corn, or dispose of it by sale without notice to the purchaser, and sue for and recover the difference between the market value and the contract price. (*Post,* p. 569.)

4. **SAME.** Same. Same. Same. Rights and remedies of seller holding possession in executory and executed sales when contract is breached by purchaser.

The rights and remedies of vendors of personal property for enforcing payment of the purchase price, is the same in executory and executed contracts, where he holds possession of the property, though title be vested in the purchaser; and where the purchaser refuses to complete the sale by accepting delivery and making payment, the vendor has three methods of indemnifying himself against loss, namely: (1) He may store or retain the property of the vendee, and sue for the entire purchase price; (2) he may sell the property upon notice to the vendee, and recover the difference between the price obtained on such resale, after the payment of expenses, and the contract price, and, (3) he may keep the property as his own, and recover the difference between the market value at the time and place of delivery, and the contract price. (*Post, pp.* 569-571.)

Cases cited and approved: Cole v. Zucarello, 104 Tenn., 65, 66; Dustan v. McAndrew, 44 N. Y., 72, 78; Moore v. Potter, 155 N. Y., 481; Ackerman v. Reubens, 167 N. Y., 405.

Mayberry v. Lilly Mill Co.

Case cited and overruled:   McClure & Crozier v. Williams, 5 Sneed 718.

FROM WILLIAMSON.

Appeal from the Chancery Court of Williamson County.—JOHN ALLISON, Chancellor.

HEARN & McCORKLE, for complainant.

J. H. HENDERSON, for defendant.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Complainant brought this bill against the defendant to recover for its breach of contract, made with him March 1, 1895, for the purchase of eight hundred barrels of corn at $2.50 per barrel, then on his farm three miles from Franklin, where the mill of the defendant was situated.

Complainant contracted to shell, sack, and store the corn, and make delivery at defendant's mill when ordered, where it was to be weighed and paid for.

The corn was promptly shelled, sacked, and stored, and delivery tendered, then, and again in the following June.   On both occasions the defendant requested com-

plainant to hold the corn for it a while longer, making, in the meantime, some small payments upon the purchase price.

About the middle of July, complainant again offered to make delivery, when the defendant repudiated the contract, and refused to accept the corn at any time.

After this complainant fed a portion of the corn to his stock, and later, without notice to the defendant, sold the remainder, at $1.50 per barrel, and brought this suit to recover the difference between its value at the time of the breach of the contract, in July, and the contract price.

The contention of the defendant is that the contract between the parties, while, executory in the beginning, became absolute and executed when the corn was shelled, sacked, set apart and delivery at the mill tendered, and complainant not having stored the corn for its use, or sold it after notice, upon its account, but converted and disposed of it to his own use, must be held to have acquiesced in the repudiation of the purchase, and waived his action against it for damages, to sustain which the case of *McClure & Crozier* v. *Williams*, 5 Sneed, 718, is relied upon.

While the complainant insists that the contract was merely executory and that he had a right to use or dispose of the corn as he desired, without notice, and hold the defendant for the difference between the contract and the market price at the time the contract was repudiated.

We are of the opinion that the contract when first made was executory, but that under the subsequent understanding and agreement of the parties it became complete and executed, notwithstanding the corn had not been weighed, delivered, or paid for. It is true that ordinarily when anything remains to be done by the seller or purchaser, as where delivery as contracted for is not made, or the property sold is not set apart from other property of like character, or where measurement is necessary to ascertain the purchase price, the contract is incomplete and executory, and the title remains in the former; but the intention of the parties as expressed by the terms of contract, or implied from the surrounding circumstances, is always controlling, and sales may be completed without delivery, ascertainment of the quantity sold, or of the exact consideration to be paid. *Bond* v. *Greenwald,* 4 Heisk., 453, 460; *Barker* v. *Freeland,* 91 Tenn., 112; *Fitzpatrick* v. *Fain,* 3 Cold., 19; *Bush* v. *Barfield,* 1 Cold., 92; *Riddle* v. *Varnum,* 20 Pickering (Mass.), 280; Benjamin on Sales (6 Ed.), 308, 350, 368.

The complainant had shelled the corn, put it into the defendant's sacks, stored it separate and apart from his other property, and tendered delivery at the proper time. The defendant acquiesced in all that had been done and requested complainant to continue to store the corn for its benefit, until it could conveniently make room for it, and paid part of the purchase price. It is certain from these facts that the parties considered the sale complete, and it was, and the corn was the property

of the defendant subject to the right of complainant to require payment upon delivery.   All of the elements of an executed sale were present.

We cannot, however, concur with defendant's insistence that the complainant, by disposing of the corn without notice to it, consented to a rescission of the sale, and waived his action for damages resulting from its refusal to accept delivery and make payment at the contract price.

There is no difference in the rights and remedies of vendors of personal property in enforcing payment of purchase money, in executory contracts and in contracts executed, when possession of the property sold is unchanged.   They (the vendors) in both cases have what is generally called a common-law lien, but which is in fact a higher and more effecient right than a mere lien, upon the property sold, so long as they retain possession, to secure and enforce payment of the purchase money, which cannot be destroyed save by compliance with the terms of the sale.   Their rights in both cases grow out of their possession of the thing sold, and are not affected by the vestiture of that title.   These rights are well settled.   Where the vendee refuses to complete the sale by accepting delivery and making payment the vendor has the choice of three methods to indemnify himself against loss:

He may store or retain the property of the vendee and sue him for the entire purchase or contract price.

He may sell the property upon notice to the vendee

and recover the difference between the price obtained on such resale and the contract price.

He may keep the property as his own, and recover the difference between the market value at the time and place of delivery and the contract price. *Cole* v. *Zucarello*, 104 Tenn., 65, 66; *Dustan* v. *McAndrew*, 44 N. Y., 72-78; *Moore* v. *Potter*, 155 N. Y., 481; *Ackerman* v. *Reubens*, 167 N. Y., 405; 2 Schouler's Per. Prop., secs. 546-549; 2 Sedgwick on Damages, sec. 753; 24 Am. & Eng. Ency. of Law (2 Ed.), secs. 1113, 1118, 1139.

The case of *McClure & Crozier* v. *Williams*, 5 Sneed, 718, supra, although not referred to in *Cole* v. *Zucarello*, 104 Tenn., 46, supra, is overruled by that case.

The law allows the vendor to retain possession of the property and subject it by these cheap and expeditious methods to the payment, in part, of his claim against the vendee who has breached his contract, to obviate the risk of insolvency of the vendee, and, as far as possible, the delays and expense incident to litigation.

The measure of damages, in the event the property is retained for the vendee, is the contract price; if it is sold upon notice at public sale it is the difference in what it brings at such sale and the contract price, after payment of expenses; and if sold at private sale, or used by the vendor, it is the difference in its market value and the contract price. The only difference between a public sale of the property and a private sale or use of it, is that in the latter the burden is upon the vendor to prove that he has accounted for the market value

Mayberry v. Lilly Mill Co.

when sold or used.   A fair public sale is competent, and ordinarily satisfactory, evidence of the value of the thing sold.

There is no error in the decree of the court of chancery appeals allowing the complainant to recover for the difference between the contract price of the corn sold and its market value at the time he used and sold it upon his own account, less the small payments made, and it is affirmed with costs.