## FRED E. SMITH v. D. L. BEELER.

Eastern Section. December 3, 1927.

Petition for Certiorari denied by Supreme Court, April 4, 1928.

J. L. Stern, of Bristol, for plaintiff in error.
George M. Warren, of Bristol, for defendant in error.

SNODGRASS, J. Plaintiff, a real estate dealer, sued defendant, D. L. Beeler, for breach of contract to conclude an alleged agreement to purchase a farm of one Cartwright, which he had for sale. The damages were alleged to be in the sum of $325, being the commission he would have made had Beeler concluded the purchase.

The suit originated before a Justice of the Peace. The defense was an oral agreement that the contract was not to be binding, unless the defendant Beeler could borrow the money to make the cash payment, etc. The Justice of the Peace sustained the plaintiff's action and gave him a judgment against defendant Beeler for the commission. Beeler appealed and a trial was had before the Circuit Judge without the intervention of a jury, when the Circuit Judge was of opinion that the plaintiff had not made out his case under the proof, and dismissed his suit, taxing him with the

costs. A motion for a new trial was made and overruled, when the plaintiff successfully appealed to this court and has made the following assignments of error:

"1. There was no evidence to support the verdict."

"2. The court allowed defendant to call witnesses to alter written contract by parol evidence over the objection of the plaintiff."

"3. The court erred in holding that the plaintiff had not made out his case, when he had filed the written contract, and that J. N. Cartwright was ready and willing to make the deed to Beeler, and had offered to do so."

"4. The court erred in not decreeing that said Fred E. Smith was entitled to damages in the sum of $325, and in allowing the introduction of oral evidence to vary the terms of a written contract."

There was and is no doubt but that the written contract both to sell and to buy, were signed by the parties as claimed, which, if executed, would have entitled the plaintiff to his commission as claimed. But the defense was, that under an oral agreement this contract was not to be binding unless Beeler could borrow the money, and the proof establishes this condition. Defendant excepted to the introduction of this proof under the idea that it was incompetent to vary the terms of the written contract upon which he relied, and his case, of course, rests upon the validity of his exception. The court overruled the exceptions and admitted the proof, and we think properly. Its purpose was in no sense to vary the terms of the written contract, but to show that the writing never became effective by any unconditional delivery. It appears from the proof that the contract did not become effective because defendant Beeler could not get the money to enable him to comply with the same, in which circumstance the written contract was only to be effective. It thus appears that, being unable to borrow the money, the trade fell through, and that there was no breach of the contract, and the plaintiff's cause therefore failed.

Counsel for appellee in their brief cite numerous Tennessee cases, among them that of Hines v. Wilcox, 96 Tenn., 148, 33 S. W., 914, in which it was held that—

"The general rule is that parol evidence is not admissible to contradict a written agreement, whether simple or by deed" (citing a number of authorities), but it was said in the same case that—

"This rule does not apply in cases where the parol evidence in no way contradicts or alters the terms of the written contract, but tends to establish an independent or collateral agreement not in conflict therewith." (Citing numerous authorities).

The case just mentioned also refers to the case of Bessenger v. Guiteman, 6 Heisk., 277, where it was held that—

"It is competent to show by parol that at the time a promissory note was executed it was agreed it should be held for nothing on the happening of a specific condition."

Also the case of Greeden v. Grigg, 8 Baxter, 163, where it was held that——

"Parol evidence is admissible to prove conditions upon which a written contract was made."

Also Brady v. Isler, 9 Lea, 357, where it was held that:

"Parol proof may be allowed to show whether a written contract was in fact made, or whether it was to take effect only on certain conditions."

There is proof supporting the conclusion of the lower court. The assignments are therefore overruled and its judgment affirmed, with costs against appellant and his securities.

Portrum and Thompson, JJ., concur.