WILLIAMS v. HOME FIRE & MARINE INS. CO. OF CALI-
FORNIA.—157 S. W. (2d), 845.

Middle Section.　July 12, 1941.

Petition for Certiorari denied by Supreme Court, January 17, 1942.

Trabue, Hume, Davis & Gale, of Nashville, for plaintiff in error.
J. M. Ingram, of Columbia, for defendant in error.

HOWELL, J.　This is a suit upon a policy of fire insurance on a
Plymouth automobile brought by Charles D. Williams for the use of
the Elliott Motor Company.　The case was heard by the court and a
jury and resulted in a judgment for the plaintiff below on June 19,
1940, for the sum of $440 and costs.　The defendant Insurance Com-

pany appealed in error to this court and has assigned four errors to the effect that there was no evidence to support the verdict, that the plaintiff failed to comply with the terms of the policy of insurance, that there had been a change in ownership of the automobile before the fire and that the court erred in allowing evidence of an oral agreement.

These assignments will be discussed together.

Charles D. Williams was issued a fire policy on a Plymouth car by the defendant Company on May 22, 1937, which was to expire on May 22, 1939. The policy had the usual conditions as to ownership of the car. On September 24, 1938, this car was wrecked and on September 27, 1938, Williams entered into an agreement with W. E. Elliott doing business as the Elliott Motor Company of Columbia, Tennessee, to trade this wrecked car in on a Chrysler Demonstrator belonging to Elliott, one of the conditions of the trade being that the Finance Company should agree to handle the deferred payment contract on the Chrysler. The papers were prepared on September 27, 1938, and sent to the C. I. T. Corporation at Nashville. On October 4, 1938, the Finance Company notified the parties that it would accept the conditional sale contract and on that date October 4, 1938, the trade was closed, bill of sale passed, license transferred and the small difference in cash paid. On September 29, 1938, the Plymouth car upon which the insurance policy was issued was destroyed by fire. The suit was then brought by Williams for the use and benefit of Elliott. The principal defense is that there had been a change in ownership of the car on September 27, 1938, and that for this reason the plaintiff could not recover. The jury found that the change in ownership did not occur until October 4, 1938, and there was ample evidence upon which this finding could be based. We think the finding of the jury was correct, that the sale did not take place until October 4, 1938. These preliminary papers were necessary considering the manner in which automobile trades are now handled by Finance Companies and the trade in this case could not have been closed until the parties were notified that the Finance Company would accept the transaction.

The case originated in a Magistrate's Court and the defendant Company entered a plea denying liability on the ground of change of ownership of the car. This denial of liability by the defendant amounts to a waiver of the requirement with reference to notice and proof of loss.

There are many authorities in Tennessee upon this subject and it has been held that whether or not there has been a compliance the provision of the policy as to notice is a question for the jury. In the case of Phoenix Insurance Company v. Underwood, 59 Tenn. (12 Heisk.), 424, on page 425, the court said:

"It is insisted, however, that the policy was not payable, because of a failure to comply with certain conditions annexed to it.

"First, a condition, or rather stipulation, the precise effect of which, as it stands, we need not now determine,—that in case of loss the party shall forthwith give notice to the company or its agent. Whether this was strictly complied with we need not at present consider, as it was left to the jury whether such compliance had not been waived by the agent, King, who issued the policy, and the jury have found that it was so waived. We think the proof shows that the agent to whom the notice was to be, or by the terms of the stipulation might be, given, was satisfied with the notice of loss, and that thereby the party was prevented from doing more than he did."

In Georgia Home Insurance Company v. Jones, 23 Tenn. App., 582, on page 590, 135 S. W. (2d), 947, on page 952, Faw, Presiding Judge said:

"It is well settled by the authorities, practically without dissent, that policy stipulations requiring, as a condition precedent to a suit on the policy, that proofs of loss be furnished by the assured to the insurer within a prescribed time, and imposing a forfeiture of a right of recovery on the policy for a failure, may be waived by the insurer. In Ligon's Administrators v. Equitable Fire Insurance Co., supra, 87 Tenn., 341, at page 344, 10 S. W., 768, at page 769, the Court said:

"Such stipulations are eminently proper, and should be sustained, and are by the courts upheld; but, being a provision for the benefit of the insurance company, can be waived by the latter, and will be held by the courts as waived where the conduct of the company has misled, and was such as might well have misled, a reasonably prudent man; or where it is manifest that the company had already been put in possession of all the information that said clause was intended to furnish, and made no request for more specific details, until after the lapse of an unreasonable time, leaving the insured to suppose that no further demands would be made."

In volume 29, American Jurisprudence, Section 1143, on page 859 it is said:

"Denial of Liability.—A denial of liability by an insurer, made during the period prescribed by the policy for the presentation of proofs of loss, and on grounds not relating to the proofs, will ordinarily be considered a waiver of the provision of the policy requiring the proofs to be presented, or a waiver of the insufficiency of the proofs or of defects therein. The denial of liability is equivalent to a declaration that the insurer will not pay although proofs are furnished in accordance with the policy, and the law will not require the doing of a vain or useless thing. This rule has been applied, for example, to denials of liability on the following grounds: . . . that there was a violation of the terms and conditions of the policy in respect of title to the insured premises or property."

Also see Ligon's Administrators v. Equitable Fire Insurance Com-

pany, 87 Tenn., 341, 10 S. W., 768; Insurance Co. v. Norment, 91 Tenn., 1, 18 S. W., 395.

In view of the fact that the plea of the defendant below was based upon the alleged change in ownership of the automobile we think it must be held to have waived the question of notice provided for in the policy, especially so since Mr. Elliott testified before the jury that the Company refused to pay and suit had to be brought.

■ We are of the opinion that it was the intention of the parties that the trade of the automobile in this case was not to be completed until approved or accepted by the Finance Company, which was not done until October 4, 1938, and therefore the title to this Plymouth car was in the insured Charles D. Williams on the date of the fire. The intention of the parties controls.

See Mayberry v. Lilly Mill Co., 112 Tenn., 564, 85 S. W. 401.

In the case of Crabtree v. Continental Insurance Company reported in 6 Higgins on page 509, 6 Tenn. Civ. App., on page 509, a fire insurance policy contained a provision making it void in case of change of ownership. The insured executed a formal deed of conveyance to another, but did not deliver the same absolutely, there being unadjusted some measurements and arrangements before the trade was finally to be consummated. During the pendency of these matters, the insured property was destroyed by fire. Held, that there had been no change of title and that the policy was collectible.

■ The fourth assignment is based upon the admission of the testimony of Williams and of Elliott as to the date the sale of the car became effective. We think this testimony was competent.

In the cases of August and Bing et al. v. Seeskind et al., reported in 46 Tenn. (6 Cold.), at page 166 et seq., the court said:

"It is to be conceded that the rule excluding parol testimony offered to vary the written instrument, is generally applicable to those cases only where the litigation is between the parties and privies to the instrument, and is not applicable, generally, to cases between strangers to the instrument, or to a stranger upon one side and a party or privy upon the other."

Also see Smith v. Beeler, 9 Tenn. App., 190.

We are therefore of the opinion that the assignments of error must be overruled and the lower court affirmed.

A judgment will be entered in favor of the plaintiff below and against the defendant and its sureties on the appeal bond for $440 and interest from June 19, 1940, and the costs of the cause.

Affirmed.

Crownover, P. J., and Felts, J., concur.