**Tom GRIDER and Oleen Grider, Plaintiffs,**

v.

**The TRAVELERS INDEMNITY CO., Defendant.**

**Civ. A. No. 879.**

United States District Court, E. D. Tennessee, Winchester Division.

July 7, 1969.

Joe S. Bean, Winchester, Tenn., John M. McCord, Tullahoma, Tenn., for plaintiffs.

S. McP. Glasgow, Jr., Russell G. Lazenby, Jr., Glasgow, Adama & Taylor, Nashville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action for damages for breach of a policy of fire insurance. The defendant interposed a motion for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure. " * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *" Rule 56(c), Federal Rules of Civil Procedure.

The plaintiff Mr. Grider concedes in his deposition on file herein that he gave no written notice and filed no proof of loss prior to the institution of this action. The policy involved provides that the performance of these two acts by the insured is a condition precedent to the right of the plaintiffs to institute this action. However, it is stipulated that, prior to the institution of this action, the defendant denied its liability to the plaintiffs.

■■ This is a removed, 26 U.S.C. §§ 1441(a), diversity action, 28 U.S.C. §§ 1332(a) (1), (c), and the rules of Tennessee decisional law are applicable, 28 U.S.C. § 1652. It is only when there is no evidence that the required notice and proof of loss or damage was waived by the defendant that entry of a judgment for the defendant as a matter of law is proper. Georgia Home Ins. Co. v. Jones C.A.Tenn. (1939), 23 Tenn.App. 582, 135 S.W.(2d) 947, 952 [8], certiorari denied (1940).

" * * * 'A denial of liability by an insurer, made during the period prescribed by the policy for the presentation of proofs of loss, and *on grounds not relating to the proofs* [emphasis sppplied], will ordinarily be considered a waiver of the provision of the policy requiring the proofs to be presented. * * *. The denial of liability is equivalent to a declaration that the insurer will not pay although proofs are furnished in accordance with the policy, and the law will not require the doing of a vain or useless thing. * * *'" Williams v. Home Fire & Marine Ins. Co. of California, C.A.Tenn. (1941), 25 Tenn.App. 351, 353, 157 S.W.2d 845, 847 [2], certiorari denied (1942), quoting from 29 Am.Jur. 859, § 1143, and citing Ligon's Administrators v. Equitable Fire Insurance Company, (1889), 87 Tenn. 341, 10 S.W. 758; Insurance Co. v. Norment (1891), 91 Tenn. 1, 18 S.W. 395.

Here, the denial of liability by the defendant did not occur within the 60-day period contemplated by the policy, but in as much as the defendant notified the attorney for the plaintiff before the institution of this action in the state court that it " * * * declined coverage, denied liability and refused to pay for the loss * * *" on grounds not relating to the notice and proofs, it would have been vain and useless at any time under such circumstances for the plaintiff to provide them before commencing this action.

The defendant is not entitled to a judgment herein as a matter of law, and its motion of June 3, 1969 hereby is

Denied.