MICHAEL CLEMENTS v. THE STATE OF NORTH CAROLINA.

*Claim Against the State--Breach of Contract--Measure of Damages --Practice.*

1. Upon the decision of this Court in favor of the plaintiff upon a claim preferred against the State, the proper course is for the Clerk to transmit the proceedings in the cause, together with the judgment of the Court, to the Governor to be communicated by him to the General Assembly.

2. The measure of damages for breach of an executory contract for the manufacture and delivery of goods, is the difference between the market value of the same at the time of the breach and the contract price.

3. It is not improper for counsel for plaintiff on a trial before a jury to comment upon the fact that defendant introduced no testimony, and that consequently the evidence for plaintiff is to be taken as true.

(*Bledsoe* v. *The State*, 64 N. C. 392, cited and approved.)

CLAIM against THE STATE heard at June Term, 1877, of the Supreme Court, under Art. IV, § 9 of the Constitution.

ISSUES were sent down by order of THE SUPREME COURT and tried at June Term, 1877, of WAKE Superior Court, before *Buxton, J.* The facts are stated in same case, 76 N. C. 199. The plaintiff claimed $30,000 damages for breach of contract entered into between THE STATE and himself for the manufacture of cell doors for the Penitentiary. The plain—

tiff testified in his own behalf to the effect that in consequence of the great reduction of materials, labor, &c., which: took place between the time of executing the contract and the breach thereof, he would have made about $27,000. No actual loss or damage was shown, and no claim made for one lot of doors made under this contract, but disposed of under another.

The counsel for the plaintiff in his argument before the jury, commented upon the fact that THE STATE had introduced no evidence, and that therefore the jury under the circumstances must accept the plaintiff's evidence as true. Whereupon the Attorney General interposed an objection to the comments of counsel, but the Court overruled the objection and the defendant excepted. For THE STATE it was insisted that there was no evidence that the plaintiff was actually damaged by the breach of contract on the part of THE STATE, if the jury should find that there was such breach; and His Honor was requested to charge the jury that the plaintiff could recover nothing if they believed from the evidence that he had sustained no actual damage. The Court refused so to charge and the defendant excepted.

His Honor then charged the jury in response to the instructions asked by the plaintiff; 1. That the measure of damages for breach of executory contracts of this character is, that the contractor is entitled to recover the profits which he lost by the default of the other party to the contract; 2. That these profits are to be arrived at by taking the market value at the time of the breach, and if no market value, then by a minute inquiry into the costs of materials, &c.; 3. That the jury must assess the value of the doors at the time of the breach, and the damages would be the, difference between the contract price and such value.

Under these instructions the jury found the issues in favor of the plaintiff and assessed his damages at $20,000, and the

Clerk was ordered to certify the proceedings had to the Supreme Court.

*Messrs. Merrimon, Fuller & Ashe,* for plaintiff.
*Attorney General,* for the State.

PEARSON, C. J.   There is no error in the proceedings had before His Honor, Judge Buxton.

It is therefore considered by the Court here that the State of North Carolina doth owe to the plaintiff, Michael Clements, the sum of $20,000, being the amount of damages assessed by the jury for breach of contract.

The Clerk will make copies of the complaint and answer, the opinion of the Court delivered by READE, Justice, the proceeding before His Honor Judge Buxton, and the judgment of this Court, now rendered, and transmit the same under the seal of the Court to the Governor of the State to be communicated to the General Assembly.   See *Bledsoe* v. *State,* 64 N. C. 392.

PER CURIAM.