## Chicago and Alton Railroad Company v. August Heinrich.

57  399
157s 388
57    399
94   1581

1. VERDICTS—*How Regarded in Law.*—A verdict is regarded in law as the result of a calm, dispassionate and unprejudiced review of all the evidence in the case, unless the contrary clearly appears.

2. MISNOMER—*How Taken Advantage of.*—No advantage can be taken of a misnomer, except by a plea in abatement; after the verdict, it is immaterial.

3. APPELLATE COURT PRACTICE—*Parties Must Except, etc.*—A litigant can not, in the Appellate Court, complain of a ruling to which he did not except in the court below.

Memorandum.—Action for personal injuries. In the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed January 28, 1895.

WILLIAM E. HUGHES, attorney for appellant; WILLIAM BROWN, general solicitor, of counsel.

JOHN J. COBURN, GEO. W. BROWN and CASE, HOGAN & CASE, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

If we had no personal knowledge of the topography, we should infer from the evidence that two streets, one called 36th street and the other called Oakley avenue, cross each other, probably at a right angle, and that diagonally across the intersection of the streets, is the railway of the appellant. The points of the compass, however, are not indicated by the evidence. The first witness speaks of being at Oakley avenue and 36th street and the Alton crossing, and that the crossing was blocked at 36th street and Oakley avenue with the railroad. And a witness for the appellant said he was the engineer at the time the engine was working at the crossing of Oakley avenue and 36th street. Another witness said, " the street, Oakley avenue, is twenty-five feet wide." Another said, " Oakley avenue there is the usual width, about fifty or sixty feet."

Though the word "avenue" is not so exclusively applied to a highway as is the word "street," yet there is enough in the evidence to justify the refusal of the court to instruct that there was no evidence that Oakley avenue was a public street.    Pittsburg, etc., Ry. v. Callaghan, No. 4893.

On the morning of October 1, 1889, the appellee, driving a two-horse team attached to a heavy wagon, came to the crossing, waited for the cars of the appellant to back off of it, and when they had done so, and the engine still stood near the crossing, the appellee undertook to cross.    From some cause, whether because he crossed his lines, or because his team was scared by escaping steam from the engine, his team went into a ditch; he fell from his wagon, which ran over him, inflicting very severe injury.

There is no complaint that the damages are excessive, if the appellee ought to recover at all.    Whether the appellant was negligent as to escaping steam from an engine by the side of the cro;sing—whether the appellee exercised due care— every question which in cases of this character usually arises, was left to the jury under instructions more favorable to the appellant than can be justified; and as is to be expected in a case where an individual is injured at a grade crossing of a highway and railway, the latter is found guilty by a jury.    Yet we are bound by a verdict.

The law confides to a jury the finding of facts.    We are here to administer, and not to disregard the law.    We must regard a verdict as the result of a calm, dispassionate and unprejudiced review of all the evidence, unless the contrary very clearly appears.    And no rhetoric as to prejudice against railroads can justify a departure from that rule.

In the *queritur* the appellant was named as the Chicago, Alton and St. Louis Railroad Company; it pleaded by the name "Chicago & Alton R. R. Co."

The first count charges that the plaintiff was about to cross defendant's railroad.

The court gave, and the jury wholly disregarded, this instruction:

" 14.    The plaintiff, by the first count of the original declaration, has made it a material question of fact, in issue

in this case, that the railroad in controversy was the Chicago, Alton and St. Louis Railroad, and unless he has proved that fact, that it was the Chicago, Alton and St. Louis Railroad, or was known as such, he can not recover under those (that) count."

The verdict is not, however, to be set aside for that. The instruction is a mistake. The count was that the railroad was the " defendant's." " St. Louis " in the *queritur* was a mere misnomer, of which no advantage could be taken but by plea in abatement, and after verdict was immaterial. Tenth clause, Sec. 6, Chap. 7, R. S., Amendments.

The appellant presented twenty-eight instructions, of which the court gave twenty as asked, and two more modified, and here twenty-one errors are assigned.

We can not discuss the whole, but have followed the brief of the appellant. It is urged as the last objection that on the trial " the court held that it was incumbent on the defendant to show that the amount of pressure of steam on the engine in controversy was, first, necessary; second, unavoidable; and yet after the evidence closed and the arguments had been made the court modified its view and gave instruction asked by appellant that it "had a right to use all the steam necessary," etc.

But if the court was wrong on the trial as to " unavoidable," the record shows that it was the appellee who excepted, and the appellant can not complain of a ruling to which it did not except.

There is no error in the record, nothing to complain of but the finding of the jury upon a question of fact.

The judgment is affirmed.