## COLE *v.* ZUCARELLO.

*(Nashville.* January 20, 1900.)

DAMAGES. *Measure.*

> The measure of damages for breach of an executory contract of sale of personalty—*e. g.,* a stock of goods—is the difference between the contract price and the market value of the goods at the time and place of delivery.

> Cases cited: Coffman *v.* Williams, 4 Heis., 233; McDonald *v.* Unaka Lumber Co., 88 Tenn., 38; Paragon Ref. Co. *v.* Lee, 98 Tenn., 645.

---

### FROM DAVIDSON.

---

Appeal in error from Second Circuit Court of Davidson County. J. W. CHILDRESS, J.

J. A. RYAN for Cole.

J. H. ACKLEN for Zucarello.

WILKES, J. This is an action for breach of contract of purchase of stock of goods by the defendant from the plaintiff.

It was tried on appeal in the Court below before the Court without a jury.

Judgment by default was taken against the defendant, and the Court proceeded to hear proof upon which to fix the damages.

Cole *v.* Zucarello.

The plaintiff testified that he sold the goods to defendant for $1,200, and defendant neglected to take or pay for them. He then sold them to another party for $915, and that this was what they were worth when sold to defendant. The trial Judge held that plaintiff could recover nothing, inasmuch as after the contract was breached he sold the goods for all they were worth. He was therefore taxed with the cost.

This was error. The measure of damages for breach of an executory contract of sale is the difference between the contract price and the market value of the article at the time and place of delivery. This applies both to the vendor and vendee, according to which breaches the contract.

The law does not presume that a party will sell his property, simply for what it is worth in the market, but that he will rather seek to make a profit by the sale.

If he has made the contract so as to reap a profit from the sale above the market value, he is entitled to it, all questions of fraud and misrepresentation being out of the way. *Coffman* v. *Williams,* 4 Heis., 233; *McDonald* v. *Unaka Timber Co.,* 4 Pickle, 38; *Paragon Refining Co.* v. *Lee,* 14 Pickle, 645; Sedgwick on Damages, Vol. 2, Secs. 750, 753; Mayne on Damages, Sec. 78; Parsons on Contracts, Vol. 3, page 208; Story on Contracts, Vol. 2, page 1330; Clark on Contracts,

page 696; Sutherland on Damages, Vol. 2, page 359; Hale on Damages, Sec. 96; Field on Damages, Sec. 298; Story on Sales, Sec. 436; Schouler on Personal Property, Vol. 2, Secs. 511--517; *Dustin* v. *McAndrew,* 44 N. Y., 72.

In the latter case the remedies of the vendor in such cases in New York are laid down in these propositions:

1. He may retain the property, for the vendee, and sue him for the purchase or contract price.

2. He may sell the property as the agent of the vendee, in which case he should notify the vendee, and recover the difference between the contract price and the price obtained upon a resale.

3. He may keep the property as his own, and recover the difference between the contract price and the market price at the time and place of delivery.

This is the rule adopted by all the text-books and best considered cases.

Judgment is reversed, and judgment here is rendered for the amount which the trial Judge should have given, to wit, the difference between the contract price of $1,200 and the actual value, which we fix from plaintiff's proof at $915, or the sum of $285.

The plaintiff will recover this amount and all the costs, but no interest is allowed.