## Northwestern Iron & Metal Co. v. L. K. Hirsch.

1.  CONTRACTS—*Proposal by Letter and Acceptance by Parol.*—Where the letter of a vendee is not sufficient to constitute an acceptance of the terms of a proposal contained in a previous letter of the vendor, such proposal may be subsequently accepted by parol and a contract thereby made upon the terms contained in the letter of the vendee.

2.  TENDER—*Of Purchase Price, When Unnecessary.*—Where the vendor of an article informs the vendee of his inability to perform his contract by a delivery of the article sold, a tender of the purchase price by the vendee before bringing a suit for a breach of the contract is unnecessary.

3.  MEASURE OF DAMAGES—*Where the Time for the Delivery of the Article Sold is Postponed by Agreement.*—Where the delivery of an article sold is postponed by agreement between the parties, the measure of damages for a breach of the contract is the difference between the contract price and the market price at the time the article is deliverable by the subsequent agreement; and where the time of the delivery is postponed indefinitely, the measure of damages is the difference between the contract price and the market value at a reasonable time after demanding performance.

Assumpsit, for a breach of a contract of sale.   Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1900.   Affirmed.   Opinion filed May 6, 1901.

Statement.—This suit was brought by appellee to recover from appellant damages for breach of a contract of sale. The following letters were written by the parties and were offered in evidence.   Letter from appellant to appellee:

"NORTH-WESTERN IRON & METAL CO.
CHICAGO, Apr. 10th, 1899.
L. K. HIRSCH, ESQ., Chicago, Ill.

DEAR SIR:   We enter sale to you (as per phone) 150 tons steel girder rail and switches, at $11.50 per gross ton, f. o. b. Peoria—cash against B. L.   Same to be shipped in about 30 days.   Please confirm.
Truly yours,
N. W. IRON & M. CO.,
A. S. FARBER, Sect'y."

Reply thereto by appellee:
"CHICAGO, 4–10–99.
NORTH-WESTERN IRON & METAL CO., Chicago, Ill.

GENTLEMEN:   I understand I have purchased from you

150 tons steel girder rails at $11.50, G. T., f. o. b. cars Peoria, shipment to be made within thirty days.

Yours truly,

L. K. HIRSCH."

It appears from the evidence that the appellant treated this letter as accepting a contract. The evidence discloses that the term "steel girder rails and switches" means the same in the trade as the term "steel girder rails." The *narr.* contains, among other counts, one alleging agreement to deliver as by the terms of the letter, one alleging agreement to deliver upon request, and one alleging agreement to deliver within a reasonable time. It appears from the evidence that from time to time after the contract was entered into, representatives of appellant requested extensions of time for the performance of the contract. It also appears that on or about May 29, 1899, appellee entered into a contract with another party for a resale of the iron, and at a profit to appellee of $1 per ton. Failing to secure a delivery of the iron from appellant, and being, therefore, unable to deliver to the party to whom he had sold, appellee settled the damages of his vendee by the payment of $750. The evidence discloses that this amount is less than the amount of the difference between the market price at the time of the breach of appellee's contract to sell, and the price at which he contracted. No evidence was presented by appellant. The court instructed the jury in effect that if the evidence failed to show that appellee had tendered the purchase price of the iron to appellant there could be no recovery. It appeared from the evidence that appellant, at various times after the making of the contract, had declared to appellee its inability to perform. The court also instructed the jury that the letters alone did not constitute a contract.

The jury returned a verdict for appellee, assessing his damages at $900, which was the aggregate of the $1 per ton of profit by resale and the $750 paid by appellee as damages to the party to whom he had contracted to sell.

The court entered judgment upon the verdict.

James R. Ward, attorney for appellant.

Goodrich, Vincent & Bradley, attorneys for appellee.

Mr. Justice Sears delivered the opinion of the court.

Treating the letter of appellee as insufficient to constitute an acceptance of all the terms of the proposal contained in appellant's letter, and hence as not, when taken with appellant's letter, making any contract, as the learned trial court evidently viewed it, we nevertheless regard the evidence as supporting the recovery. If the letter of appellee was in law a rejection of appellant's proposal, by a different counter-proposal, yet the evidence shows beyond dispute that the appellant's representatives accepted by parol this counter-proposal, and thereby a contract was made upon the terms contained in appellee's letter. Anglo-American Co. v. Prentiss, 157 Ill. 506.

Appellant is clearly liable for the breach of this contract. The instruction given to the jury to the effect that in the lack of a tender of the purchase price of the iron, there could be no recovery, was erroneous. The statement of appellant's representatives that it was unable to perform, relieved appellee from the necessity of a tender. The jury disregarded the instruction and found for the appellee. The fact that the verdict is thus contrary to the instruction of the court, while technically an error in law, is yet no ground for reversal when the verdict is right. It is error without prejudice to any right of appellant. Therefore the verdict should not be set aside upon this ground. C. & A. R. R. Co. v. Heinrich, 57 Ill. App. 399.

The amount of the recovery is warranted by the evidence. One hundred and fifty dollars thereof was properly allowable as loss of profit of $1 per ton of the amount of the iron contracted for, and the $750 paid by appellee in settlement of the claim of damages against him by his vendee was also properly allowed. The evidence as to this settlement was competent only as a matter of reduction of damages. It appears that if the difference between market and contract prices had been exacted, the damages for which

appellee was liable to his vendee would have been larger in amount.

Nor was there any error in the measurement of the damages as by the market price in September, 1899. The contract between appellant and appellee was for delivery within thirty days after April 10, 1899. The performance by appellant was postponed from time to time by promises to deliver. These promises extended over the period from the time when delivery was due by the terms of the contract until the time of the settlement by appellee of the claim for damages against him and the bringing of this suit. At no time between May and September, 1899, was appellee bound, in disregard of these promises of a postponed performance, to go upon the market and by a purchase fix the amount of his loss and consequent damage. Summers v. Hibbard, 153 Ill. 102.

In that case the court said:

"If delivery is postponed by agreement between the parties, the measure of damages is the difference between the contract price and the market price at the time the article is deliverable by the subsequent agreement; and where the time of delivery is postponed indefinitely, the measure of damages is the difference between the contract price and the market value at a reasonable time after demanding performance."

We are of opinion that the declaration is sufficient, and we find nothing in other objections of counsel for appellant which constitutes ground for interfering with the judgment. The recovery is fully justified by the evidence, and the judgment will be affirmed.