ALPHA PORTLAND CEMENT COMPANY *v.* WILLIAM J.
OLIVER.

(*Knoxville.* September Term, 1911.)

1. **SALES.** Contract for delivery of goods in monthly install-
ments is breached by purchaser's failure to pay for any install-
ment as stipulated; and seller may sue for damages sus-
tained.

Where a contract for the sale and purchase of goods provides
that they shall be delivered in approximately equal monthly
quantities or installments for a period of ten months, and shall
be paid for within thirty days after each delivery, the pur-
chaser's failure to pay for one or more installments according
to the terms of such contract amounts to a breach of the con-
tract by him, and the seller may treat such failure as going to
the whole contract, and consider the entire contract terminated,
and sue for the damages sustained.   (*Post, pp.* 136-138.)

Cases cited and approved:   Foundry Co. v. Wheel Co., 113 Tenn.,
370; Steel & Iron Co. v. Nailor, 9 App. Cas., 434; Norrington
v. Wright, 115 U. S., 188.

2. **SAME.** Same.   Measure of damages for breach of such con-
tract by the purchaser.

Where a contract for the sale and purchase of goods to be deliv-
ered and taken in approximately equal monthly quantities or in-
stallments for a specified period, with payment for each in-
stallment to be made within a certain time, is breached by the
purchaser's failure to pay for any installment within the speci-
fied time, the seller, electing to treat the contract as terminated,
may, where the contract price exceeds the market value, sue for
and recover as damages the difference between the contract
price and the market value at the delivery time and for the
average quantity deliverable at each monthly period, and not
such difference on the whole quantity at the expiration of the
whole contract.   (*Post, pp.* 136, 137, 138-142.)

Cement Co. v. Oliver.

Cases cited and approved: Cole v. Zucarello, 104 Tenn., 65; May-
berry v. Mill Co., 112 Tenn. 565; Lumber Co. v. Title Co., 121
Ill. App.; 298; Johnson v. Allen, 78 Ala., 392; Hosiery Co. v.
Cotton Mills, 140 N. C., 452.

FROM KNOX.

Appeal from the Chancery Court of Knox County.—
WILL D. WRIGHT, Chancellor.

GRIMM & WEBB, for complainant.

GREEN, WEBB & TATE and LINDSAY, YOUNG, SMITH &
DONALDSON, for defendant. ·

MR. JUSTICE GREEN delivered the opinion of the Court.

This is a suit to recover damages for the breach of a
contract to purchase a stipulated quantity of cement,
and also to recover the value of cement furnished by the
complaint to defendant prior to the breach.

On the 27th day of February, 1907, after considerable
correspondence had between them, the Alpha Portland
Cement Company and William J. Oliver entered into a
contract whereby the latter undertook to purchase from
the former a minimum quantity of 54,000 barrels of ce-
ent, at $1.40 per barrel f. o. b. cars at the mills of the
cement company, "shipments to be made as ordered dur-
ing the balance of year 1907, to Chattanooga, Tenn., in

approximately equal monthly quantities." The terms of payment were one per cent. off for cash in ten days from date of invoice, or thirty days net from date of invoice.

It will thus be seen that under the terms of this contract Mr. Oliver obligated himself to take from the cement company an approximate monthly amount of 5,400 barrels of cement, for which he was to pay $1.40 per barrel. The contract covered a period of ten months; that is, from the 27th of February, 1907, to the 1st of January, 1908.

On the trial of the case below, the chancellor rendered a decree in favor of the cement company for $851.16, the balance due at that time, represented by notes, on cement delivered by it, and also decreed that the cement company was entitled to recover as damages, for breach of this contract by Mr. Oliver, the sum of $829.50.

Both parties have appealed from the chancellor's decree, and assign errors. The principal matter involved in the case, and the only one which will be discussed in this opinion (other matters having been disposed of orally), is the right of the complainant to recover damages; and if so entitled, the proper measure of damages.

Up to and including September, 1907, Mr. Oliver ordered and received from the cement company 24,235 barrels of cement. On October 21, 1907, the defendant, Oliver, wired the cement company to ship him a car of cement; he having ordered none previously during that month. At this time Mr. Oliver's account with the cement company was considerably in arrears, and past due

to the extent of $5,598.40. This arrearage extended back to July 9, 1907. So, responding to the telegram just referred to, the cement company answered, and declined to ship any more cement until the past-due account was paid.

It will be remembered that the terms of payment provided in this contract were one per cent. off for cash in ten days, or thirty days net from date of invoice. We therefore have a case in which a contract, covering a period of ten months, goods to be delivered in approximately equal monthly installments, and paid for within thirty days from shipment, was breached by the defendant failing to make payments as stipulated. That such a failure to make payments works a breach of the whole contract is no longer a matter for discussion in this State. This question was considered by the court in the case of *Foundry Co.* v. *Wheel Co.*, 113 Tenn., 370, 83 S. W., 167, 68 L. R. A., 829, and it was there held that a failure to pay for one or more installments according to the terms of such a contract amounted to a breach thereof, and authorized the seller to hold the entire contract as rescinded. It was pointed out in this case just referred to that the authorities are in conflict as to the rights of the respective parties to a contract such as this, under the circumstances detailed; but this court, following *Mersey Steel & Iron Co.* v. *Nailor*, 9 App. Cas., 434, *Norrington* v. *Wright*, 115 U. S., 188, 6 Sup. Ct., 12, 29 L. Ed., 366, and other cases cited, held that where, in a contract with a buyer, a seller has provided for a succession of deliveries, with payments for each delivery,

and the buyer fails to pay for any delivery within the stipulated period, the seller might treat such failure as going to the whole contract, and consider the entire contract terminated.

We are aware that many courts of the highest repute hold contracts, like the one under consideration here, to be severable or divisible. In those jurisdictions a failure to pay one or more installments, according to stipulation, would not authorize the seller to treat the entire contract as rescinded; but this court has taken the other view, as we believe upon better authority, and the rule announced in *Foundry Co.* v. *Wheel Co.,* supra, will be adhered to.

Accordingly the cement company was entirely within its rights in declining to make further shipments to Mr. Oliver until he had paid his past due account. This action on its part was no breach of the contract, as has been urged here. The contract was breached by the defendant when he failed to make payments for the several shipmnts received by him as he had agreed to do.

When Mr. Oliver breached this contract with the cement company, the company was, of course, entitled to recover from him the value of the goods previously shipped to him; also to the recovery of lawful damages sustained by reason of his breach.

The damage sought to be recovered by the cement company is the difference between the contract price of the cement ordered by Mr. Oliver and the market price. The claim is that Mr. Oliver agreed to take from it, at $1.40 per barrel, the minimum quantity of 54,000 barrels

during the term of this contract, which ended January 1, 1908. It is shown that he he only took 24,235 barrels, when he should have taken 54,000 barrels, a difference of 29,765 barrels. It is said that on January 1, 1908, the market price of cement had declined to $1.20 per barrel, and that therefore the cement company was entitled to have as damages from Mr. Oliver twenty cents a barrel on 29,765 barrels, the difference between the number of barrels he bought and the number he agreed to buy.

The cement company in this case elected to keep this property as its own after the breach, and to recover from Mr. Oliver the difference between the contract price and the market price. This it had a right to do. *Mayberry* v. *Lilly Mill Company,* 112 Tenn., 565, 8 S. W., 401; *Cole* v. *Zucarello,* 104 Tenn., 65, 56 S. W., 850. The difference between the contract price and the market value, however, must be calculated as of the time and place of delivery under the contract. It is so stated in the cases cited and others there referred to.

Although the question seems not to have heretofore arisen in this State, it is well settled in other jurisdictions that when, under the contract, goods are to be delivered by installments or at stated periods, the time of delivery will be the date for the delivery of each installment successively; the damage being the aggregate of these differences, estimated as of these respective dates. Sutherland on Damages, section 651; Wood's Mayne on Damages, section 206.

"The law is that where goods are to be delivered in installments, or as requested by the purchaser, the true

measure of damages is the difference between the contract price and the market price or value at the times when such articles were required ordered." *Sagola Lumber Co. v. Chicago Title, etc., Co.,* 121 Ill. App., 298.

"Where the goods are to be delivered by installments, and there is a failure to deliver two or more, or all, of the installments, the proper measure of damages is the sum of the differences between the contract and market prices of the quantity of each installment not delivered at the respective times of delivery and place of delivery." *Johnson v. Allen,* 78 Ala., 392, 56 Am. Rep., 34. See, also, *Crescent Hosiery Co. v. Mobile Cotton Mills.* 140 N. C., 452, 53 S. E., 140, 6 Am. & Eng. Ann. Cas., 164. A note under this case collects many cases, English and American, and they are uniform in announcing the rule to be as stated above. We regard this rule sound.

So the cement company is not entitled to recover from Mr. Oliver, as of the date of the expiration of the contract, the difference between the contract price and the market price of the entire amount of cement he contracted for and failed to take upon the stipulated terms; but, as the cement was to be delivered in installments of approximately 5,400 barrels per month, it can only recover the sum of the differences between the contract and market prices of that number of barrels for each month that the breach existed.

Referring to the testimony of the officers of the cement company, we find it stated by them that the cement market began to sag a little during the month of Septem-

ber, but there was no substantial break in prices until October, 1907. It is true that, in an affidavit permitted to be filed in this case by one of the complainant's witnesses, it is attempted to be shown that there was a slight difference between the market price of cement and the contract price during the months of August and September. We prefer, however, to take as true the statements made by these witnesses in their depositions, from which we conclude, as said by one of them, that there was no substantial break in prices of this commodity until October.

Looking to the evidence, we find that the market price of cement during the month of October was $1.25 per barrel, and during the months of November and December was $1.20 per barrel. The contract price was $1.40 per barrel. Of course, complainant would not be entitled to recover damages for any month prior to the drop in prices. There was no damage and no loss during such months. Complainant, however, is entitled to recover damages as follows:

For 5,400 barrels during the month of October, at 15 cents per barrel, $810.

For 5,400 barrels during the month of November, at twenty cents per barrel, $1,080; and a like sum for the month of December.

The total amount of complainant's damages on this basis will be $2,970.

The chancellor's decree on the notes will be affirmed. As to damages, his decree will be modified, so as to increase the amount to $2,970. Defendant will pay the costs.