## O. L. SHULL LUMBER CO. v. F. J. PAXTON CO.

Eastern Section.     October 31, 1925.

No petition for Certiorari was filed.

1. **Contracts.  Failure to pay for any installment constitutes a breach of an installment contract.**
When a contract provides for delivery and payment by installments, the failure of the buyer to pay for one or more installments, or the failure of the seller to deliver one or more installments, constitutes a breach of the entire contract, and relieves the other party from further obligation on his part.

2. **Contracts.  Plaintiff held entitled to recover for lumber delivered under an installment contract before all lumber was delivered.**
In an action to recover for two cars of lumber sold to defendant under a contract for a number of cars of lumber, each car to be paid for upon delivery, held plaintiff was entitled to recover for lumber delivered before delivery of balance due under contract.

Appeal from Chancery Court, Sullivan County; Hon. Hal. H. Haynes, Chancellor.

Affirmed.

Burrow and Burrow, of Bristol, for appellant.

E. K. Bachman and J. K. Brown, of Bristol, for appellee.

OWEN, J.  The defendant, a corporation, has appealed from a decree rendered against it in favor of O. L. Shull Lumber Company which is the trade name of O. L. Shull, a citizen of Lonoke County, Arkansas.  Said decree was for the sum of eight hundred and forty-nine dollars and thirty cents ($849.30) principal and interest from April 1st, 1922, amounting to one hundred and thirty-six dollars and fifteen cents ($136.15).  The bill was filed to recover of the F. K. Paxton Company for two carload lots of lumber.  It appears that a contract had been entered into by the

Paxton Lumber Company of Bristol, Tennessee, to buy said stock of lumber from the complainant. The Paxton Lumber Corporation went out of business and was succeeded by the defendant F. K. Paxton Company.

Complainants shipped a number of carloads of lumber to the defendant Paxton Company. There is no dispute as to the contract between the complainant and defendant. The contract was made up by various exhibits found in the transcript consisting of letters and telegrams. There is no dispute as to the price to be paid for the lumber. The defendant ordered two hundred and fifty thousand feet (250,000) of lumber. The lumber was to be shipped with bill of lading attached. Twelve cars were shipped. Eight of the cars were paid for. The defendant is a lumber broker. The complainant operates a saw mill in the State of Arkansas.

The complainant did ship the lumber to various customers, of the defendant in carload lots. The contract provided that each car was to be inspected as it was loaded by an inspector of the National Hardwood Lumber Association. The lumber was delivered in carload lots f. o. b. Cullor, Arkansas. Complainant drew a three days' sight draft, payable upon receipt of invoice, and the invoice had to be accompained with a certificate of the inspector of the National Hardwood Lumber Association. The contract further agreed that in case of a dispute between the seller and the buyer, or between complainant and defendant, the National Hardwood Lumber Association's rules were to govern, and said association held itself responsible for any loss by reason of such inspection.

On December 8, 1921, two cars of lumber were duly shipped according to the terms of the contract, being in cars C. & N. W. 81004 and R. I. car 38585. These are the two cars that the complainant is seeking to recover, and which lumber shipped in the two cars amounted to eight hundred and forty-nine dollars and thirty cents ($849.30). It appears that prior to the shipping of these two cars which were the last two shipped, two cars were shipped by the complainant, one being in car R. I. 99322, and L. & N. car 63390. The inspector, Mr. Short, switched or changed the bill of ladings for these cars and thus the two cars last mentioned went to the wrong destination. By transposing the numbers a draft was drawn for a higher priced lumber, when in fact, the car had an inferior, or lower grade, and vice versa. By this error of the inspector the defendant's two customers refused the two shipments. They went to different States. This confusion and error caused quite a bit of correspondence between the complainant and the defendant. The complainant rendered all assistance he

could to get it straightened out, and it appears that the National Hardwood Lumber Association settled with the defendant. The complainant filed a bill to collect the amount due from the last two cars shipped. The defendant filed an answer and also a cross-bill, alleging that complainant had breached its contract, that the complainant had not shipped the entire purchase of two hundred and fifty thousand (250,000) feet of gum lumber.' The complainant's bill was sustained, and he was granted a decree from the amount he sought to recover. The defendant's cross-bill was dismissed.

It appears that the last two cars of lumber were shipped without bill of lading attached and they came into the possession of the complainant without payment as a result of the oversight or error of the inspector in getting the two previous cars mixed. The defendant and cross-complainant prayed and was granted an appeal to this Court and has assigned three errors. These three errors raised the following propositions:

1. That the Chancellor erred in finding that the defendant breached the contract.

2. The Chancellor erred in holding that the record did not justify the cross-complainant in its withholding payments from the complainant until all installments of lumber had been shipped.

3. The Chancellor erred in dismissing the cross-bill and taxing defendant with costs.

In deciding this case Chancellor Haynes rendered a written opinion which is set forth in a decree as found on page 200 to 202 of the transcript, copy from said decree and opinion is as follows:

"This cause was heard on a former day before Chancellor Haynes, on the record at large, after consideration of which, together with argument and briefs of counsel, the court, on this December 1, 1924, is of opinion and doth order, adjudge and decree:

"(1) The complainant is entitled to recover and cross-complainant is held not entitled to the relief sought.

"It seems highly probable to this court, that cross-defendant's plea of estoppel, is sustained by the record, and that the defendant and cross-complainant, by its course of conduct in dealing with the National Hardwood Lumber Association, in respect of the two cars of lumber, designated in the record as the 'cars in error,' and insisting upon and obtaining settlement on the re-sales of said car, with approximately the same profit admittedly received, as it would have obtained on the original sales, had no error occurred, cannot rely upon said

error, as a reason for refusing to settle for the two other cars, for which it owes complainant Shull.

"(2) But the case is not decided by this court, exactly upon said question of estoppel, since, although equitable in nature, said estoppel seems more technical and going somewhat less to the merits, than the straight question of the first party to breach the contract involved, which this court finds determinative of the case, upon the admissions and undisputed fact of this record.

"In any event and upon any theory of the case, defendant had no right to withhold from complainant, longer, or any more of the money received by it, in settlement for said cars in error, than was necessary to protect it from loss. But, the correspondence filed, and admitted facts, show that defendant, for considerable time after it had collected at least several hundred dollars, of the total amount claimed by it on said settlement, not only did not offer or tender to complainant said sum, but insisted that it should receive full and final settlement first, and finally insisted that complainant should complete all shipments, before it would turn over to complainant said fund, or, in other words, pay to complainant the amount due it on the said two other cars of lumber.

"If cross-complainant were otherwise right in its contention in this suit, it owed the full amount for said two cars last mentioned, and same was due, but for its contention with regard to the two cars in error; and said fund as and when collected was payable to complainant. Even if complainant was insisting upon full payment, it was the duty of defendant to offer what it had received of same, in order to avoid a breach on its part of said contract.

"And nothing in the contractual relations of the parties, nor in complainant's attitude, or conduct, toward the transaction, justified cross-complainant in the claim that said funds should be withheld until complainant had shipped all installments of said lumber, which, by the express terms of the contract, were to be paid for as shipped.

"(3) The complainant was therefore justified in declaring said contract breached by defendant and in refusing further shipments, which the record shows was not done harshly, or without reasonable notice and warning, to the defendant.

"The cross-bill in this case is dismissed and cross-complainant and surety, are taxed with the cost of the cause.

"And a recovery is hereby granted, in favor of complainant O. L. Shull, against defendant F. K. Paxton Company (who, it is now admitted takes the place of the Paxton Lumber Corpo-

ration, in respect of said contract), for $849.30 principal, and interest thereon, from April 1st, 1922, $136.15, making the total sum of Nine hundred eighty-five and 45/100 dollars ($985.45).

"Hal H. Haynes,
"Chancellor."

It is agreed that the contract was breached, and the question is who is guilty of the breach. We are of the opinion that the complainant had a right to demand payment for two cars on what is due it before shipping the balance of the lumber. Each car was to be paid for as shipped.

"When a contract provides for delivery and payment by installments, the failure of the buyer to pay for one or more installments, or the failure of the seller to deliver one or more installments, constitutes a breach of the entire contract, and relieves the other party from further obligation on his part." Norrington v. Wright, 115 U. S. 188.

The following cases decided by the Supreme Court of Tennessee follow the rule announced in the case of Norrington v. Wright, supra.

"The question of law was first definitely and clearly on in Foundry Company v. Wheel Co., 113 Tenn. 370, where the facts are as follows:

"The complainant agreed to manufacture for the defendant, certain castings for a period of four years. The terms were 2% in ten days, 60 days net. Disagreements arose (very much as in the present case) and the defendant withheld payment for certain deliveries for a period of some months. The complainant notified the defendant that this non-payment was regarded by us as a breach and brought suit for the value of the castings delivered. Held: Recovery by complainant company."

The case of Cement Company v. Oliver, 125 Tenn. 135, is in point:

"This case was of an installment contract for a minimum of 54,000 bags of cement, to be shipped as ordered in approximately equal monthly installments. Terms 1%, 10 days, net 30 days. The defendant (buyer) became in arrears in payments, and the complainant (seller) sued for breach of the entire contract. Judge Green, in delivering the opinion of the court, said:

" 'That such a failure to make payments works a breach of the whole contract is no longer a matter for discussion in this state. This question was considered by the Court in this case of Foundry Co. v. Wheel Co., 113 Tenn. 370, 83 S. W. 167,

68 L. R. A. 829, and it was there held that a failure to pay for one or more installments according to the terms of such a contract amounted to a breach thereof and authorized the seller to hold the entire contract as rescinded.' "

Also the following authorities sustained the principal amounts in the cases from which we have just quoted. John Deere Plow Co. v. Shellabarger, 140 Tenn. 123. Fertilizer Company v. International Agricultural Corporation, 146 Tenn. 451.

In the last case recovery was refused the seller because he had not seasonably demanded payment of the amount due him for past installments. But the principals controlling the present case in which seasonable and repeated demands for payment were made by the appellee are recognized and affirmed, in the Fertilizer Company case, supra.

We are of the opinion that the complainant had a right to demand of the defendant payment for all lumber shipped before any further installment was shipped, and that the defendant breached the contract, and the Chancellor was not in error in so holding. It results that all the assignment of error are overruled and disallowed. The decree of the Chancellor is in all things affirmed.

The complainant will recover of the defendant and its surety on appeal bond the amount of the judgment rendered in the lower court with interest thereon from the date said decree or judgment was rendered, and all the costs of the cause, for which execution will issue.

All concur.